# IN THE COURT OF APPEALS OF TENNESSEE

## AT KNOXVILLE

FILED

March 10, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

TENNESSEE FARMERS MUTUAL ) C/A NO. 03A01-9808-CV-00246
INSURANCE COMPANY, )
 ) CAMPBELL CIRCUIT
    Plaintiff-Appellee, )
 ) HON. CONRAD TROUTMAN,
v. ) JUDGE
 )
JAMES INMAN and VEANNA )
INMAN, )
 )
    Defendants, and )
 )
NELLY BUZIASHVILI, ) AFFIRMED
 ) AND
    Intervening Petitioner-Appellant. ) REMANDED


JOHN T. JOHNSON, JR., and AMANDA M. BELEW, KRAMER, RAYSON,
LEAKE, RODGERS & MORGAN, Knoxville, for Plaintiff-Appellee.

JERROLD L. BECKER, ARTHUR F. KNIGHT, III, and SAMUEL W. BROWN,
BECKER, THOMFORDE, BROWN & KNIGHT, P.C., Knoxville, for Intervening
Petitioner-Appellant.


## O P I N I O N


Franks, J.


    In this declaratory judgment action, the Trial Judge held that the

Inmans' policy of insurance did not provide coverage for a wrongful death action,

because the exclusionary clause for intentional acts applied. The intervenor has

appealed.

    The defendants sought coverage for the civil action filed against them

by appellant Nelly Buziashvili. The suit was for the wrongful death of Buziashvili's

husband.

On March 10, 1997, the Trial Court granted Buziashvili's Petition to Intervene. She had previously secured a judgment against the Inmans in the United States District Court for the Eastern District of Tennessee, but the Trial Judge, as previously noted, found there was no coverage for the judgment.

This case was tried by the Judge sitting without a jury, and our review of findings of fact by the Trial Court is *de novo* upon the record accompanied by a presumption of correctness of the findings, unless the preponderance of the evidence is otherwise. T.R.A.P. Rule 13(d). Our review of questions of law is *de novo* with no presumption of correctness. *Hawks v. City of Westmoreland*, 960 S.W.2d 10 (Tenn. 1997).

The appellant contends the Trial Court erred in failing to give proper preclusive effect to the District Court action. She argues that principles of collateral estoppel prevented the Trial Court from finding that James Inman acted intentionally in causing her husband's death. This argument is based upon a portion of the District Court's verdict finding that the Inmans had acted negligently. It does not appear that this theory was raised below, although the record contains a letter from appellant's trial counsel to the Trial Court, the letter merely mentions that the appellee had objected to the admission of a statement by James Inman that he did not intend to fire the gun which killed the victim. It appears that the appellee argued that Inman was collaterally estopped from denying the act was intentional, based upon a different portion of the verdict. The objection was apparently overruled, and was not appealed. The record does not reveal that the appellant made the argument below that she is now making concerning collateral estoppel. In fact, in that same letter, her counsel argued that the District Court's verdict was inconsistent, and thus had no preclusive effect on the issue of intent. Moreover, the jury in the civil case specifically found that James Inman intentionally used force against the victim, which caused his death.

2

Appellant next argues that the Trial Court's conclusions are not supported by the record. The Trial Court held that the clause excluding coverage for intentionally inflicting injuries applied. The Trial Court noted that "the deceased was struck at least twelve times before he was shot, and that either could have been sufficient to have caused his death."

In reaching its conclusion, the Trial Judge considered several items which were stipulated or considered without objection (with the exception of the aforementioned statement of James Inman, which was not appealed). The Trial Court considered the policy itself, stipulations of counsel, arguments of counsel, the pleadings from both civil and criminal cases, and the judgments and jury forms in those cases.

The clause at issue states that the policy does not cover "[b]odily injury or property damage expected or intended by an insured person." The Supreme Court has adopted a two-part approach to determine if an intended or expected acts exclusion applies. "[I]t must be established that the insured intended the act and also intended or expected that injury would result." *Tennessee Farmers Mut. Ins. Co. V. Evans*, 814 S.W.2d 49, 55 (Tenn. 1991). "The intent itself may be actual or inferred from the nature of the act and the accompanying reasonable foreseeability of harm." *Id.* Moreover, "[i]t is immaterial that the actual harm was of a different character or magnitude or nature than that intended." *Id.*

The evidence in this case does not preponderate against the Trial Court's conclusions. T.R.A.P. Rule 13(d). James Inman was convicted of voluntary manslaughter and aggravated assault. Additionally, the jury in the civil action found that he intentionally used force against the victim, which caused his death. As the Trial Judge observed, there was evidence that James Inman struck the victim at least twelve times before shooting him.

3

We affirm the judgment of the Trial Court in its declaration that the insurance policy at issue does not cover appellant's judgment against the policy holder.

The cost of the appeal is assessed to appellant, and the cause remanded to the Trial Court.

_____
Herschel P. Franks, J.

CONCUR:


_____
Houston M. Goddard, P.J.



_____
Don T. McMurray, J.